BOSTON AND MAINE RAILROAD *vs.* MAYOR, &c. OF LAWRENCE.

Under Rev. Sts. *c.* 39, § 69, town or city authorities had no power to lay out a highway across a railroad, on a level therewith; and a railroad company is not estopped from objecting to the exercise of such power by an agreement made by it with former owners of the land, which contained a stipulation for a right of way, to be used by such owners and their assigns, at the place where the highway was afterwards laid out.

PETITION for a writ of *certiorari,* representing that the mayor, aldermen and common council of the city of Lawrence laid out a highway in 1856, in that city, across the railroad track of the petitioners, on a level therewith, and praying that the record thereof might be certified to this court and quashed. The respondents in their answer set forth, amongst other things, that by an agreement between the petitioners and the former owners of the land, the former owners stipulated for a right of way, to be used by them and their assigns, at the place where the highway was afterwards laid out. The petitioners filed a general replication.

*J. W. Perry,* (*N. G. White* with him,) for the petitioners.

*N. W. Harmon,* (*D. Saunders, Jr.* with him,) for the respondents.

CHAPMAN, J. The street in question was laid out by the respondents in 1856, so as to cross the railroad at the same level ; and the most important question raised in the case is whether they had authority to lay out such a street. Such crossings necessarily create embarrassment, and there has been considerable legislation and some litigation in respect to them. In the con-

struction of a railroad, the grades and levels must generally be established without much regard to the levels of the turnpikes and other ways which it may cross; and the levels of the turnpikes and ways must be made to conform to the necessities of the railroad. There are four different methods of arranging the crossings. 1. The railroad may pass over the other road at a higher level, by means of a bridge. 2. It may pass under the other road, which will then cross over the railroad upon a bridge. 3. It may cross it at the same level at which the other road was originally made. 4. It may be constructed so that the other road must be either raised or lowered a few feet, or even less, to cross it at the same level. In the last two cases there is a sense in which the railroad may be said to cross "over" the other road. This construction of the word "over" is adopted in *Newburyport Turnpike Corp.* v. *Eastern Railroad,* 23 Pick. 326.

There are two classes of cases in which crossings must be provided for. 1. Where a railroad is to be constructed across an existing turnpike or other way. 2. Where a turnpike or other way is to be constructed across an existing railroad. The first class of cases was provided for by Rev. Sts. *c.* 39, §§ 66 and 67; the second class was provided for by § 69.

Sect. 67 received a construction in the case above cited, in respect to the words "over" and "under." It was held that they were not precisely opposites; but that though the word "under," as applied to the construction of a railroad, would require it to be constructed at a lower level than the turnpike or other way, yet, construing the word "over" by applying it according to the subject matter, a railroad might be said to pass "over" the turnpike or other way when both were at the same level. It will readily be seen that without such a construction of the word in that section, an important class of cases would be entirely unprovided for, namely, the fourth class above mentioned, where a railroad is so constructed that, by a little raising or lowering of the other road, they may cross each other at the same level. For there are many cases where it would be a much greater injury to the turnpike or other way to raise or lower it, to such an extent that it shall cross the railroad at a

higher or lower level, than to change it so that it shall cross at the same level. It was in view of this subject matter that this construction was given to the word " over " in that section.

But after a railroad is completed, the establishment of a new turnpike or other way across it is a different matter, and the language of the statute in respect to it is different. Sect. 69 provides that " if, after the laying out and making of any railroad already granted, or which may be hereafter granted, any turnpike road or other way shall be so laid out as to cross said railroad, the said turnpike road or way may be so made as to pass under or over said railroad, and said turnpike or way shall in all cases be so made as not to obstruct or injure such railroad." The word " over " as used in this section has not received a judicial construction. If the subject matter required us to do so, we might give it the same construction that has been given to the same word in § 67. But this is not its most natural construction, and there is nothing in the subject matter which requires us to vary from the most natural construction. Where a turnpike or other way is to be made across an existing railroad, and to be so made as to pass over or under said railroad, it is comparatively easy to construct it in such a manner that it shall cross at a different level ; and by constructing it thus, it will " injure " the railroad much less than by crossing it at the same level. And it is to be remarked that the word " injure," which is found in § 69, is not used in § 66. We are therefore of opinion that it was intended by § 69 to prohibit the laying out of turnpikes, highways, and town ways across existing railroads at the same level. This construction is confirmed by a reference to subsequent legislation on the subject. *St.* 1842, *c.* 22, provides for the cases in which a railroad has been so made as to cross a turnpike, highway, or town way at the same level. If the town or city authorities are of opinion that the way should be raised or lowered, " so as to pass over or under said railroad," they may request the company to make the change ; and if the company does not comply with the request, they may apply to the county commissioners, who are invested with full and final jurisdiction of the matter.

In this statute, three terms, " over," " under," and " on a level therewith," are used ; and by the term " over," a higher level is obviously intended. /

In 1846 another act was passed on the subject of crossings. *St.* 1846, *c.* 271, § 1, required every railroad which should thereafter be made across any turnpike, highway or town way, to be so constructed " as to cross over or under the turnpike, highway or town way." In this section the term " over " obviously in tends a higher level. Sect. 2 authorized the county commission ers, upon the application of parties interested, after a hearing, to authorize and require the railroad to be constructed at such crossing " upon a level with the turnpike, highway or town way, in such manner as they may direct."

None of this legislation touched the subject of laying out turnpikes, highways or town ways across existing railroads at the same level, as it would have been likely to do if it had been understood that any power existed to lay them in such manner.

The *St.* of 1849, *c.* 222, extended the authority of the county commissioners. Sect. 1 made a further provision as to crossings in Boston. Sect. 2 extended the provisions of former laws to travelled places not laid out as highways or town ways. Sect. 4 is as follows, " The original jurisdiction of all questions touching obstructions to turnpikes, highways or town ways, caused by the construction or operation of railroads, shall be vested in the county commissioners of the respective counties where such obstructions shall occur." This general provision covers the whole subject, provided the construction we have given to Rev. Sts. *c.* 39, § 69, is correct. If the legislature had not so understood the section referred to, they would have been likely to include in this statute a provision regulating the exercise of the power of town and city authorities to lay out town ways across existing railroads.

By *St.* 1857, *c.* 287, authority is given to construct turnpike roads and other ways across existing railroads on the same level. But the company is first entitled to a hearing before the county commissioners, and such crossing is not to be permitted unless it shall be decided by the commissioners that the public necessity

so requires it. The provisions of this statute are continued in force by Gen. Sts. *c.* 63, §§ 57 & *seq.* It is to be remarked that the legislature regard the objections to laying out such new ways as being so forcible that the commissioners are not authorized to sanction them for mere reasons of public convenience. The language is, " but not permitting it to be at a level, unless public necessity so requires."

Under this provision, the way in question may be laid out so as to cross the railroad at the same level, if a public necessity exists for so constructing it.

But upon the view we have taken of Rev. Sts. *c.* 39, § 69, the proceedings of the respondents are void for want of authority. Being thus void, none of the facts alleged in the answer can give them validity. The agreements of the petitioners, which are relied on to show that they ought not to object to the laying of the road, are immaterial. They provide for the establishment of a private way; and the petitioners might be willing that such a private way should exist across their track near to their depot, when they would have strong reasons for opposing the establishment of a public way at that place.

*Certiorari granted.*